**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN M. SHIM,<br>*on behalf of herself and others similarly situated*,<br><br>            **Plaintiff,**<br><br>            v.<br><br>CAVALRY PORTOFOLIO SERVICES, LLC, et al.,<br><br>            **Defendants.** | Civil Action No. 18-15368 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Jean M. Shim's ("Plaintiff's") application to proceed *in forma pauperis*. (D.E. No. 1-3). Plaintiff's application to proceed *in forma pauperis* is GRANTED, but Plaintiff's Complaint (D.E. No. 1 ("Compl.")) is DISMISSED.

**I.**     **Background**

The Complaint alleges that Defendants Cavalry Portfolio Services, LLC ("Calvary"), and Apothaker Scian P.C. ("Apothaker") (collectively, "Defendants") "engaged in unlicensed debt collection activity in violation of New Jersey" and federal law. (*See* Compl. ¶ 6). Consequently, the Complaint delineates four claims. (*See* Compl. ¶¶ 47–67).

- **Count I:** "Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* [("FDCPA")] . . . violations" (Compl. ¶¶ 47–58)

- **Count II:** "Violations of the New Jersey Fair Debt Collection Practices Act" and "New Jersey Consumer Finance Licensing Act" (*Id.* ¶¶ 59–63)[1]

---

[1]     Despite its designation, Count II also invokes the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (*See, e.g.*, Compl. ¶ 61).

- **Count III:** "Violations of New Jersey's Professional Services Corporation Act" and "New Jersey's Consumer Fraud Act" (*Id.* ¶¶ 64–65)

- **Count IV:** "Wrongful credit practices" under New Jersey law (*Id.* ¶¶ 66–67)

As noted above, Plaintiff filed an application to proceed *in forma pauperis* with her Complaint (D.E. No. 1-3). But "analysis of the complaint under 28 U.S.C. § 1915(e)(2)(B) is appropriate only after a litigant is granted leave to proceed pursuant to the *in forma pauperis* statute." *Johnson v. Rothschild*, 741 F. App'x 52, 53 (3d Cir. 2018). Accordingly, the Court "addresse[s] the [*in forma pauperis*] motion before subjecting the complaint to the screening provisions of the *in forma pauperis* statute." *See id.*

## II.   *In Forma Pauperis*

Plaintiff "indicated in her motion . . . that she ha[s] income of [$0] per month;" listed nothing when asked to "state any money you or your spouse have in bank accounts;" and identified approximately $2932.19 in "total monthly expenses." *See Johnson*, 741 F. App'x at 54; (D.E. No. 1-3 at 1–2 & 4–5). Moreover, "[a] litigant need not be 'absolutely destitute' or contribute his or her 'last dollar' in order to qualify for *in forma pauperis* status." *Johnson*, 741 F. App'x at 54 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Accordingly, Plaintiff "sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs." *See Barrett v. Staff Mgmt. Grp., LLC*, No. 18-14062, 2018 WL 5874089, at *1 (D.N.J. Nov. 9, 2018); *id.*

## III.   Screening:  28 U.S.C. § 1915

### A. Legal Standards

"[W]hen a person proceeds *in forma pauperis*, the statute instructs the District Court to 'dismiss the case *at any time* if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted.'" *Harris v. Bennett*, 746 F. App'x 91, 93 (3d Cir. 2018) (quoting

28 U.S.C. § 1915(e)(2)(B)(ii)). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). That standard is a familiar one: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" but "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court, finally, "[i]s required to interpret the *pro se* complaint liberally . . . ." *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).

### B. Analysis

Here, Plaintiff asserts that "[t]his Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331" because "there is no question that claims alleging violations of the [FDCPA] arise under federal law." (Compl. ¶ 3). The Court, however, dismisses Plaintiff's FDCPA claims on the basis of (1) the statute of limitations; (2) the entire controversy doctrine; and (3) their failure to state a claim.

#### 1. Statute of Limitations

Plaintiff bases her FDCPA claims on a letter sent on March 6, 2017. (*See* Compl. ¶¶ 37–40 & 47–58).[2] Under the FDCPA, however, a claim "may be brought . . . *within one year* from

---

[2] The Court observes that the only communication on which Plaintiff explicitly bases an FDCPA claim is the March 6, 2017 letter. (*See, e.g.*, Compl. ¶ 49; *see generally id.* ¶¶ 47–58). Plaintiff, for instance, does *not* assert that a letter dated April 26, 2017 (D.E. No. 1-1 at 11) "fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute must be in writing," as she does with respect to the March 6, 2017, letter (*see, e.g.*, Compl. ¶ 49).

In contrast, Plaintiff arguably bases *other* FDCPA claims on the April 26, 2017 letter, and other letters, by implication. *See Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018) (requiring the Court to construe a *pro se* complaint "liberally"); (Compl. ¶ 60 (referring to "Plaintiffs Exhibit (A) through (D)" in the context of Count II)). For instance, as the Court will discuss in the body of this Opinion, Plaintiff asserts that Defendants' "attempt to collect the alleged

the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added); *Glover v. F.D.I.C.*, 698 F.3d 139, 148 (3d Cir. 2012).[3] Given that Plaintiff filed the instant Complaint well more than one year after March 6, 2017—on November 1, 2018—any FDCPA claims arising from that letter are time-barred. *See* 15 U.S.C. § 1692k(d); *Glover*, 698 F.3d at 148. And although Plaintiff does not explicitly base her FDCPA claims on it (*see supra* note 2), a letter dated April 26, 2017, is equally beyond the reach of the statute of limitations. (*See* D.E. No. 1-1 at 11).

Plaintiff, however, also apparently asserts that *any* of Defendants' "attempt to collect the alleged debt violates the FDCPA because [they were] not the lawful owner of the alleged debt and because they did not have the necessary New Jersey State licenses . . . ." (*See, e.g.*, Compl. ¶ 63 (citing N.J.S.A § 45:18-1)). But even if such claims were to arise from communications sent *within* the limitations period (*see supra* note 2), the claims would be barred by the entire controversy doctrine or otherwise require dismissal under Rule 12(b)(6).

## 2. Entire Controversy Doctrine

"New Jersey's entire controversy doctrine 'embodies the principle that the adjudication of

---

debt violates the FDCPA because [Defendants were] not the lawful owner of the alleged debt and because they did not have the necessary New Jersey State licenses . . . ." (*See, e.g.*, Compl. ¶ 63).
  That said, the following is a full list of all communications from Defendants that Plaintiff references in the Complaint:

- A collection letter, sent by Cavalry, dated **March 6, 2017**. (Compl. ¶¶ 37–40).
- A collection letter, sent by Apothaker, dated **April 26, 2017**. (D.E. No. 1-1 at 11).
- The first of two letters, sent by Apothaker in connection with litigation, dated **February 26, 2018**. (D.E. No. 1-1 at 6)
- The second of two letters, sent by Apothaker in connection with litigation, dated and **April 6, 2018**. (D.E. No. 1-1 at 8).
- The first of two very similar letters, sent by Cavalry, dated **May 23, 2018**. (D.E. No. 1-1 at 14).
- A collection letter, sent by Apothaker, dated **May 29, 2018**. (D.E. No. 1-1 at 16).
- The second of two very similar letters, sent by Cavalry, dated **July 6, 2018**. (D.E. No. 1-1 at 19).

3    The Court may adjudge a claim to be time-barred under Federal Rule of Civil Procedure 12(b)(6) if "the time alleged *in the statement of a claim* shows that the cause of action has not been brought within the statute of limitations." *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (emphasis added).

a legal controversy should occur in one litigation in only one court; accordingly, *all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.*'" *Shibles v. Bank of Am., N.A.*, 730 F. App'x 103, 106 (3d Cir. 2018) (quoting *Wadeer v. N.J. Mfrs. Ins. Co.*, 110 A.3d 19, 27 (N.J. 2015)) (emphasis added). But the entire controversy doctrine may "serve as grounds for a Rule 12(b)(6) dismissal only if the basis for the defense is evident on the face of the complaint." *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005). Here, the basis for the defense is evident on the face of the Complaint: "[B]oth Defendant[]s used litigation, when they attempted to collect consumer debts . . . from the [p]laintiff, Jean M Shim[,] under Docket# L-004275-17." (Compl. ¶ 13). Defendants "fil[ed] in the SUPERIOR COURT OF NEW JERSEY LAW DIVISION ESSEX COUNTY" to collect those debts. (*See* Compl. ¶ 43; *id.*). And the case terminated with "summary judgment on March 29th, 2018." (*See* Compl. ¶ 70).[4]

Therefore, "[h]ere, as in *Shibles*, [Plaintiff's FDCPA] claims are barred by the entire controversy doctrine." *Lopaz v. Stern & Eisenberg, P.C.*, No. 18-2136, 2018 WL 6061576, at *3 (D.N.J. Nov. 20, 2018) (citing 730 F. App'x at 107). If Defendants' "attempt to collect the alleged debt violates the FDCPA because [Defendants were] not the lawful owner of the alleged debt and because they did not have the necessary New Jersey State license" (*see, e.g.*, Compl. ¶ 63), Plaintiff would have been required assert those aspects of the controversy when "Defendants filed their original court complaint," (*see* Compl. ¶ 61). *See, e.g.*, *Lee v. Ocwen Loan Servicing, LLC*, No.

---

[4] Although Plaintiff asserts that "[b]oth Defendant[]s used litigation" (*see, e.g.*, Compl. ¶ 13), and references "*their* original court complaint" (*see, e.g.*, Compl. ¶ 63 (emphasis added)), apparently only Calvary was a *party* to the state-court action, in which Apothaker *represented* Calvary. (*See, e.g.*, D.E. No. 1-2 at 15–16). Accordingly, here, the entire controversy doctrine bars only claims against Calvary. *See Rodrigues v. Wells Fargo Bank, N.A.*, 751 F. App'x 312 (3d Cir. 2018) (recognizing that the doctrine "no longer applies to mandatory joinder of parties").
    Any remaining claims, against Apothaker, are dismissed for the reasons described in the following section ("Failure to State a Claim").

17-3800, 2018 WL 935426, at *3 (D.N.J. Feb. 15, 2018) (ruling that an FDCPA claim could have been brought in an underlying state-court action and therefore is barred by the entire controversy doctrine). In other words, "the factual circumstances giving rise to the controversy itself . . . trigger[ed] the requirement of joinder to create a cohesive and complete litigation;" and "*all aspects of [the] controversy*, arising from the same facts or series of facts, *must [have been] be asserted in a single action*." *Jackson v. Midland Funding LLC*, 468 F. App'x 123, 125 (3d Cir. 2012) (emphases added).

### 3. Failure to State a Claim

Finally, to the extent that any other communication from Defendants[5] *could* give rise to "claims and defenses that are [*not*] related to the underlying controversy," *see Shibles*, 730 F. App'x at 106, the Court rules that Plaintiff has failed to "state a claim upon which relief could be granted." *See, e.g.*, *Jacques v. Chase Bank USA, N.A.*, 668 F. App'x 437, 439 (3d Cir. 2016).

For instance, Plaintiff repeatedly asserts that Defendants' "attempt to collect the alleged debt violates the FDCPA because [they were] not the lawful owner of the alleged debt and because they did not have the necessary New Jersey State licenses . . . ." (*See, e.g.*, Compl. ¶ 63 (citing N.J.S.A. § 45:18-1)). But Plaintiff has not explained how the failure to comply with New Jersey's debt collector bond requirement, *see* N.J.S.A. § 45:18-1, violates the FDCPA. It is well established that a "state law violation itself"—*including* an "attempt to collect [a] debt . . . without having posted the bond"—"is *not* a per se violation of the FDCPA." *See, e.g.*, *Skinner v. Asset Acceptance, LLC*, 876 F. Supp. 2d 473, 478–99 (D.N.J. 2012) (emphasis added).[6] In *Ninouska Gomez v. Oxford*

---

5     *See generally supra*, note 2.

6     Notably, there is not even a "private cause of action for [D]efendant[s'] failure to post the requisite bond." *See Estate of Caruso v. Fin. Recoveries*, No. 15-7936, 2017 WL 2704088, at *8 (D.N.J. June 22, 2017).

*Law, LLC*, for instance, the Court of Appeals rejected the contention that a violation of the Telephone Consumer Protection Act, *see* 47 U.S.C. § 227(d)(3)(A), also violated the FDCPA because the plaintiff "d[id] not explain how the [legal] violation she . . . alleged . . . [w]as an 'abusive, deceptive, and unfair debt collection practice[]' that the FDCPA is designed to remedy." *See* 657 F. App'x 141, 142–43 (3d Cir. 2016) (quoting 15 U.S.C. § 1692(a)). Here, Plaintiff's claim fails for the same reason.

## IV. Conclusion

Because the Court dismisses all claims over which it has original jurisdiction,[7] "it ha[s] the authority to decline to exercise supplemental jurisdiction" over the remaining claims. *See Petrossian v. Cole*, 613 F. App'x 109, 112 (3d Cir. 2015); (*see generally* Compl. ¶¶ 59–67). Here, in its discretion, the Court will decline to exercise supplemental jurisdiction. *See, e.g.*, *Mathis v. Phil. Elec. Co.*, 644 F. App'x 113, 116 (3d Cir. 2016).

For the foregoing reasons, Plaintiff's request to proceed without prepayment of fees is GRANTED, but her Complaint is DISMISSED *without prejudice*, pursuant to 28 U.S.C. § 1915(e)(2). **Plaintiff may file an amended complaint within 30 days of this Order, but failure to do so may result in a dismissal *with prejudice* or the closing of this case.**

An appropriate order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[7] The Court lacks original jurisdiction over Plaintiff's remaining state-law claims because "[f]or diversity jurisdiction to lie, there must be 'complete diversity' amongst the parties;" and complete diversity "means that the plaintiff cannot be a citizen of the same state as any of the defendants." *See Fink v. Kirchner*, 731 F. App'x 157, 159 n.4 (3d Cir. 2018). Here, both Plaintiff and Apothaker are citizens of New Jersey. (*See* Compl. ¶¶ 9 & 11); *see also Brown v. Apothaker & Assocs., P.C.*, No. 11-1607, 2011 WL 6130509, at *1 (M.D. Pa. Dec. 8, 2011) ("Apothaker is a New Jersey based national debt collection company.").