| UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Jean Shim, *on behalf of herself and all others similarly situated,*<br><br>          *Plaintiff – Movant*<br><br>Cavalry Portfolio Services, LLC; and DOES 1-10, inclusive,<br> *and*<br>Apothaker Scian P.C., et al Formerly known as Apothaker &  Associates, P.C.<br>( **Attorneys At Law)**; and DOES 1-10, inclusive,<br><br><br><br>          *Defendant(s)- Respondent(s)* | Civil Case No. 14-15368 (ES) (MAH)<br><br><br><br><br>**THIRD AMENDED  COMPLAINT** |
| *and*<br><br>JOHN DOE's 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action. | **TRIAL BY JURY DEMANDED ON ALL COUNTS** |
| **THIRD  AMENDED COMPLAINT CLASS ACTION** | |

1.       Plaintiff Jean Shim brings this action to secure redress from unlawful collection practices engaged in by Defendant(s) Aapothaker Scian P.C. and Cavalry Portfolio Services, LLC ("CPS"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection

1

with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008)*.[1]

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC, 259 F.3d 662, 666 (7th Cir. 2001).*[2]

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq. and other New Jersey state laws.

## <u>VENUE AND JURISDICTION</u>

7.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

8.      Venue and personal jurisdiction in this District are proper because:

        a. Defendants' collection communications were received by plaintiff within this District;

        b. Defendants do or transact business within this District.

---

1. **Exhibit A:** *Ramirez v. Apex Financial Management LLC, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008)*
2. **Exhibit B:** *Crabill v. Trans Union, LLC, 259 F.3d 662, 666 (7th Cir. 2001):*

## PARTIES

9.      Plaintiff Jean Shim  is an individual who resides in East Orange, Essex County, New Jersey.

10.      Defendant Apothaker Scian P.C. is a law firm organized as a New Jersey limited liability company with offices at 520 Fellowship Road, Mount Laurel Township, NJ 08054, and PO Box 5496, Mount Laurel, New Jersey 08054-5496.

11.       Apothaker Scian P.C. holds itself out as "a full service creditors' rights and business litigation firm with offices in 520 Fellowship Rd C306, PO Box 5496, Mt. Laurel, NJ 08054-5496. Apothaker Scian P.C.  practices law throughout "New Jersey, " (https://apothaker.com/).[3]

12.      Apothaker Scian P.C. further states (https://info@apothaker.com/)[3] This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

13.      The same website also states (https://info@apothaker.com/) This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose is the same information used in the  Defendant(s) letters dated April 26, 2017, April 06, 2018, April 04, 2019  and May 31, 2019.[4,5,6,7,]

---

3. **Exhibit C:** Apothaker Scian P.C. [(https://apothaker.com/)] Web page

4. **Exhibit D:** Apothaker Scian P.C.letter dated April 26, 2017 stating: ( " Please be advised that this firm has been retained by CAVALRY SPV I, LLC, AS ASSIGNEE OF CITIBANK, N.A. to obtain payment of the debt listed above.)( Unless you dispute the validity of the referenced debt or any portion thereof within 30 days after your receipt of this lette, this office will assume the debt to be valid." etc..)("This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.")

5. **Exhibit E:**  Apothaker Scian P.C.letter dated April 06, 2018 stating:(Pursant to New Jersey Rule of Court 6:6-3(e), see attached.")("This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.")

6. **Exhibit F:** Apothaker Scian P.C.letter dated April 04, 2019 stating: ( " This letter is in response to Defendant's objection to bank levy." Plaintiff has no oppsition to Defendant's request for the statutory $1,000.00 exemption." "As such, Plaintiff counsel will not be appesring at the scheduled objection hearing." "If any futher is needed please call me at 800-672-0215 x 177" " Plaintiff respectfully waivies its appearance at the hearing scheduled for this matter.")("cc: Jeam M. Shim") ( "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.")

7. **Exhibit G:** Apothaker Scian P.C.letter dated May 31, 2019 stating: ( " Enclosed please find Plaintiff's Response which will be electronically submitted to the court for filing.") ( "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.")

8, 9

14.     Apothaker Scian P.C.  uses the mails and telephone system to collect defaulted consumer debts allegedly owed to others.

15.     Apothaker Scian P.C.  is a debt collector as defined in the FDCPA.[8,910]

16.     Defendant Cavalry Portfolio Services, LLC ("CPS") is a limited liability company chartered under Delaware law with its principal place of business at 4050 E. Cotton Ctr. Bldg. 2, Suite 20, Phoenix, AZ 85040.  It does business in New York located at 500 Summit Lake Drive, Valhalla, NY 10595. Its registered agent and office are CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

17.     Defendant CPS is engaged in the business of  a collection agency.

18.      CPS collects and supervises the collection of debts for several Cavalry "special purpose vehicles," of which Cavalry SPV I, LLC is one.[11, 12] Cavalry Portfolio Services, LLC and its affiliated companies are in the business of purchasing written-off debt from credit-issuers and then pursuing collection of that debt in a variety of manners.

19.     CPS has a web site on which it states, "Founded in 2002, Cavalry is a leader in the acquisition    and    management    of    non-performing    consumer    loan    portfolios." (*https://www.cavalryportfolioservices.com/About*)[13].

20.     CPS hires and supervises outside law firms and collection agencies to dun consumers and file lawsuits on behalf of Cavalry SPV I, LLC.

---

8. **Exhibit H:** *Allen vs. Lasalle Bank 629 F.3d 364 (3d Cir. 2011)* (Furthermore, except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute.")
9. **Exhibit I:** *Heintz vs. Jenkins 514 U.S. 291 (1995)*
10. **Exhibit U:** *Fox v. Citicorp Credit Services, Inc.15 F.3d 1507 (9th Cir. 1994)* (Finding attorney subject to liability under the *FDCPA).*
11.**Exhibit J:** Cavalry Portfolio Services, LLC  Certification Of Proof And Of Non- Military Service signed by Dawn Ryder, and employee of  Cavalry Portfolio Services, LLC
12. **Exhibit K:**  Cavalry Portfolio Services, LLC  Certification Of Proof And Of Non- Military Service signed by Dawn Ryder, and employee of  Cavalry Portfolio Services, LLC
13. **Exhibit K1:**  Cavalry Portfolio Services, LLC [*https://www.cavalryportfolioservices.com/About*] Web page

21.    One of these is Apothaker Scian P.C. [10]

22.    Defendant CPS is a debt collector as defined in the FDCPA.[14, 15]

23.    Defendant CPS holds a number of collection agency licenses from various jurisdictions, but not in New Jersey.[16,17, 18]

24.    The mails and telephone system are used in connection with the collection of debts and prosecution of collection litigation by CPS.

## FACTS

25.    Defendant(s) have  been attempting to collect from plaintiff an alleged credit card debt incurred (if at all) for personal, family or household purposes and not for business purposes.[19]

26.    On April 12, 2019 at 11:42AM, CPS sent plaintiff the email attached as **Exhibit O**[20, 21,22] stating that,

(" Penny Shemtob")

---

14. See ***Brown v. Card  Serv. Ctr, 464 F.3d 450, 453n1 (3d Cir. 2006)*** (Consequently, a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer." "In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." ***Lesher, 650 F.3d at 997***. For example, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." ***Brown, 464 F.3d at 455.***" )

15. **Exhibit W:** ***Douglass v. Convergent Outsourcing765 F.3d 299 (3d Cir. 2014)*** (Noting that to state such a claim, a plaintiff must allege that she is a consumer, the defendant is a debt collector, the defendant attempted to collect a "debt" as defined by the *FDCPA*, and the defendant violated a provision of the *FDCPA* in attempting to collect the debt)

16. **Exhibit L:** Colletion Agency Bond Statue Letter dated August 2, 2018 and sent to the Plaintiff, Jean Shim by the State of New Jersey. This letter shows on page no.2, that Cavalry Portfolio Services or Apothaker Scian P.C. are not licensed to do any type of debt-collection within the state of New Jersey. Plaintiff also states that via communication fro the state of New Jersey, in the year of 2018, Cavalry Portfolio Services  license was still pending and not operational.

17. **Exhibit M:** State of South Carolina, licensed to do any type of debt-collection within the state of South Carolina (No. S-8842)

18. **Exhibit N:** State of South Carolina, licensed to do any type of debt-collection within the state of South Carolina (No. S-8843)

19. **Exhibit X:** ***Gburek v. Litton Loan Servicing 614 F.3d 380 (7th Cir. 2010)*** (Nothing "that a communication need not make an explicit demand for paymentin order to fall within the FDCPA's scope" and that "a communication made specifically to induce the debtor to settle her debt will be sufficient to trigger the protections of the FDCPA")

20. **Exhibit O:** Cavalry Portfolio Services, LLC email to Plaintiff, Jean M.Shim, dated April 12, 2019 at 11:42AM

21.**Exhibit Y:** ***McLaughlin v. Phelan Hallinan & Schmieg, LLP 756 F.3d 240 (3d Cir. 2014)*** (describing "the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt")

22. **Exhibit Z:** ***Vilinsky v. Phelan Hallinan Diamond & Jones, PCCivil Action No. 15-650 (JBS/JS) (D.N.J. Oct. 13, 2015)*** (In Gburek, the Court of Appeals considered whether a communication includes an explicit demand for payment, the relationship between the parties, and the purpose and context of the communication.)

" I am in receipt of your filing in the federal court and would like to discuss an amicable resolution."

" Please contact me at your earliest convenience."

"Thank you."

"Penny Shemtob"
"Senior Litigation Connsel"

27.    On May 23, 2018 , CPS sent plaintiff the letter attached as **Exhibit P**[23], stating that,

"Dear Jean M. Shim:"

"Cavarlry is in receipt of a letter of dispute made pursuant to the Fair Credit Reporting Act ("FDCPA") on the above-refernced account. Our records indicate the account is presently placed with a law firm." "Thus, this notice is for the limited purpose of responding to the dispute."

"In acknowledgement of the dispute, we have requested that consumer reporting agencies report the account as disputed."

" We have reviewed the dispute and find the dispute lacking in any specific facts or information which allow us to conduct an investigation." "Because the dispute alleges no specific information to form the basis for an investigation, we are unable to investigate the dispute pursuant to the FCRA."

" Please provide us with the specific Information that is being disputed and an explanation of the dispute."

" Thank you for giving us the opportunity to address your concerns."

"Sincerely,"

"Customer Relation Department"

" Cavalry Portfolio Services, LLC"

28.    On July 6, 2018 , CPS sent plaintiff the letter attached as **Exhibit Q**[24], stating that,

---

23. **Exhibit P:** Cavalry Portfolio Services, LLC letter to Plaintiff, Jean M.Shim, dated  May 23, 2018 stating: ("This communication is from a debt collector.." "See reverse side for important information concerning your rights.")
24. **Exhibit Q:**  Cavalry Portfolio Services, LLC letter to Plaintiff, Jean M.Shim, dated July 6, 2018 stating: ("This communication is from a debt collector.." "See reverse side for important information concerning your rights.")

"Dear Jean M. Shim:"

"Cavarlry is in receipt of a letter of dispute made pursuant to the Fair Credit Reporting Act ("FDCPA") on the above-refernced account. Our records indicate the account is presently placed with a law firm." "Thus, this notice is for the limited purpose of responding to the dispute."

"In acknowledgement of the dispute, we have requested that consumer reporting agencies report the account as disputed."

" We have reviewed the dispute and find the dispute lacking in any specific facts or information which allow us to conduct an investigation." "Because the dispute alleges no specific information to form the basis for an investigation, we are unable to investigate the dispute pursuant to the FCRA."

" Please provide us with the specific Information that is being disputed and an explanation of the dispute."

" Thank you for giving us the opportunity to address your concerns."

"Sincerely,"

"Customer Relation Department"

" Cavalry Portfolio Services, LLC"

29.    **Exhibit O** does not list an amount for "Outstanding Balance."

30.    **Exhibit P** does not list an amount for "Outstanding Balance."

31.    **Exhibit Q** does not list an amount for "Outstanding Balance."

32.    Plaintiff had  made numerous request in writing for a signed contractual agreement with Citibank, N.A. from the Defendant(s). Nevertheless, Defendant(s) ignored Plaintiff(s) request in writing and persued legal debt-collection by way of court procedings.[25]

33.    **Exhibit Q** is the first letter Plaintiff received from defendant CPS  regarding the alleged debt described therein.

---

25. **Exhibit R:**   Cavalry Portfolio Services, LLC  Complaint under Docket No. L – 004275 -17

34.    **Exhibit P** is a form letter, filled out by computer in a standardized manner.

35.    **Exhibit Q** is a form letter, filled out by computer in a standardized manner.

36.    On information and belief, based on its contents, **Exhibit P and Exhibit Q** are forms intended for use as  stalling letter, defendant CPS sends to a consumer regarding the debt validation, to cover-up the fact that Defendant(s) (CPS) does not have the original signed contractual agreement between  Citibank, N.A. and the Plaintiff. (Jean Shim) or can meet the required burden of proof.[26]

37.     On or about April 26, 2017, defendant Apothaker Scian P.C. sent plaintiff the letter attached as **Exhibit S.** [27]

38.    Apothaker Scian P.C. was hired and directed to send **Exhibit S** by CPS.

39.    On information and belief, CPS provided the numbers in **Exhibit J**.

40.    CPS has performance standards which require that a collection agency it hires, such as Apothaker Scian P.C., send an initial demand within a specified period.

41.    CPS has the right to review files and correspondence of collection agencies it hires, insofar as CPS files are concerned.

42.    **Exhibit S** is the first letter plaintiff received from defendant Apothaker Scian P.C. regarding the alleged debt described therein.

43.    **Exhibit S**  is a form letter, filled out by computer in a standardized manner.

44.    On information and belief, based on its contents, **Exhibit S** is a form intended for use as the first letter defendant Apothaker Scian P.C. sends to a consumer regarding the debt described therein.

45.    **Exhibit S**  again states that the "total amount of the debt due" is $15,786.47, that the amount of the debt is  $15,786.47. The letter does not stipulate, that there is any interest, fees, or

---

26. Under ordinary principles of New Jersey contract law, the party asserting a contractual right bears the burden of proof. ***Gionti v. Crown Motor Freight Co.,128 N.J.L. 407, 412 (E. & A. 1942)***. Defendant(s), therefore, has the burden of showing that a valid, enforceable agreement  exists that evidences mutual assent between Plaintiff and the original issuer of the credit card account. ***Merrill Lynch v. Cantone Research, Inc., 427 N.J. Super. 45, 59 (App. Div.), certif. denied, 212 N.J. 460 (2012).***
27. **Exhibit S:**  Apothaker Scian P.C. letter dated  April 26, 2017

charges have accrued since charge-off, and furthermore, the letter does not stipulate the total amount of the payments and/or credits applied to the debt since charge-off.

46.      Confused by what the $15,786.47. referenced in **<u>Exhibit J</u>**  represented and now the civil action taken under Docket No.: L-004275-17 in the Superior Court Of New Jersey, Law Division, Special Civil Part, Essex County, plaintiff wrote a validation letter (609) to Apothaker Scian P.C. on May 15, 2018 requesting the signed contractual agreement between the Plaintiff (Jean Shim) and Citibank, N.A., which pretains to the account ending with 0366.

47.      In response to plaintiff's inquiries, Apothaker Scian P.C. mailed a letter, attached as **Exhibit T**,[28] to plaintiff on May 29, 2018, which states that the total amount of the debt due is $16,138.47 that the amount being demanded, is the amount that our client claims is due and owing on the account. Attached are documents.

48.      Apothaker Scian P.C. mailed a letter, attached as **Exhibit F**, to plaintiff on April 04, 2019, which states:

> RE:    CAVALRY SPV I, LLC, AS ASSIGNEE OF CITIBANK, N.A. v. JEAN M SHIM
>         DOCKET NO.:   L -004275-17
>         OUR FILE NO.: 473826
>         HEARING DATE: May 6, 2019

"Dear Judge Stecher:"

"This letter is in response to Defendant's objection to bank levy. Plaintiff has no opposition to Defendant's request for the statutory $1,000.00 exemption."  "As such, Plaintiff counsel will not be appearing at the scheduled objection hearing." "If anything further is need please call me at 800-672 -0215 x 117."

"Plaintiff respectfully waives its appearance at the hearing scheduled for this matter."

" Respectfully,"

---

28. Apothaker Scian P.C.letter dated May 29, 2018 stating  that the "total amount of the debt due" is $16,138.47.

"Apothaker Scian P.C."

" Kimberly F. Scian, Esquire"

"cc: Jean M. Shim"

"This firm is a debt collector." We are attempting to collect a debt and any information obtained will be used for the purpose of collecting the debt.

49.    Apothaker Scian P.C. mailed a  second letter, attached as **Exhibit G** , to plaintiff on May 31, 2019, which states:

RE:    CAVALRY SPV I, LLC, AS ASSIGNEE OF CITIBANK, N.A. v. JEAN M SHIM
          DOCKET NO.:   L -004275-17
          OUR FILE NO.: 473826

DEAR JEAN M. SHIM

Enclosed please find Plaintiff's Response which will be electronically submitted to the court for filling.

Very truly yours,

Apothaker Scian P.C.

/TJ
This firm is a debt collector. We are attempting to collect a debt and any information obtained will be used for the purpose of collecting the debt.

50.    New Jersey state law requires that a party doing any type of debt-collection within this state be  licensed and bonded with the state of New Jersey. (**Universal Citation:** NJ Rev Stat § 45:18-1 (2013)). As per New Jersey statue **45:18-1. Collection agencies to file bond**, it states and Plaintiff (Jean Shim) now quotes:

No person shall conduct a collection agency, collection bureau or collection office in this state, or engage therein in the business of collecting or receiving payment for others of any account, bill or other indebtedness, or engage therein in the business of soliciting the right to collect or receive payment for another of any account, bill or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill or other indebtedness, unless such person, or the person for whom he may be acting as agent has on file with the secretary of state sufficient bond as hereinafter specified.

N.J.S. § 45:18-1

51.    Failure to comply with this New Jersey state law is not only a violation of New Jersey statue **45:18-1,** but violations of  the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-1et seq.  and the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17- 9 et seq. Plaintiff (Jean Shim) will now quotes for all parties to this case clarification.[29]

### N.J. Stat. § 14A:17-1

It is the legislative intent to provide for the incorporation of an individual or group of individuals to render the same professional service to the public for which such individuals are required by law to be licensed or to obtain other legal authorization.

N.J.S. § 14A:17-1
L.1969, c.232, s.1, eff. Dec. 16, 1969.

### N.J. Stat. § 14A:17-9

No professional corporation shall engage in any business other than the rendering of the professional services for which it was specifically incorporated; and no foreign professional legal corporation shall

---

29. See *Chulsky v. Hudson Law Offices, P.C. 777 F. Supp. 2d 823, 826 (D.N.J. Mar 22, 2011)* [Section 25 ]: The only current New Jersey civil law directly referencing debt collectors is a bond statute, the Collection Agencies Act, N.J.S.A. 45:18-1, et seq., which is designed to protect creditors from agencies who misappropriate client funds; it is not a consumer protection statute. New Jersey, further, regulates the activities of collection agencies by way of criminal sanctions for unconscionable conduct in connection with debt collection activities, which sanctions are found in N.J.S.A. 2C:21-19. That provision prohibits, *inter alia,* usurious rates of interest and other unlawful collection practices such as "mak[ing] a false or inaccurate or incomplete statement of any . . . credit terms." N.J.S.A. 2C:21-19e.

engage in any business in this State other than the rendering of legal services of the type provided by attorneys-at-law; provided, that nothing in this act or in any other provisions of existing law applicable to corporations shall be interpreted to prohibit such corporation from investing its funds in real estate, mortgages, stocks, bonds or any other type of investments, or from owning real or personal property necessary for, or appropriate or desirable in, the fulfillment or rendering of its professional services.

N.J.S. § 14A:17-9

L.1969, c.232, s.9; amended 1995, c.375, s.5.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

52.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as thought fully stated herein.

53.    The form letters attached as **Exhibits F** and **G** violates 15 U.S.C. §1692c(a), 15 U.S.C.

§§1692e, 1692e(2), and 1692e(10) in that without the prior consent of the Plaintiff (Jean Shim) given

directly to the debt collector (Apothaker Scian P.C.) or the express permission of a court of competent

jurisdiction (Honorable, Judge Stecher), a debt collector (Apothaker Scian P.C.) may not communicate

with the Plaintiff (Jean Shim) in connection with the collection of any debt.

Additionally, in that Defendant(s) (Apothaker Scian P.C.) letters gave the misleading

representation / impression that the Defendant(s) (Apothaker Scian P.C.) are licensed and bonded in the

state of New Jersey to do debt collection, even through litigation means, when it has been discovered

by the Plaintiff (Jean Shim) that Defendant(s) (Apothaker Scian P.C.) are not licensed and bonded in the state of New Jersey to do debt collection, even through litigation means.[14] To add to the violation of Plaintiff(s) rights, Defendants conduct violated 15 U.S.C. § 1692e(10) in that Defendant(s) (Apothaker Scian P.C.) used these form letters attached as **Exhibits F, G, S, T** and other doctumentation to collect or attempt to collect the debt and was used to obtain information concerning the Plaintiff's financial records, [30] from Wells Fargo Bank, N.A.

54.    The form letters attached as **Exhibits F** and **G** violate 15 U.S.C §1692g(a) as neither letter contains the required information; (1) the amount of the <u>debt</u>; (2) the name of the <u>creditor</u> to whom the <u>debt</u> is owed; (3) a statement that unless the <u>consumer</u>, within thirty days after receipt of the notice, disputes the validity of the <u>debt</u>, or any portion thereof, the <u>debt</u> will be assumed to be valid by the <u>debt</u> collector; and (4) a statement that if the <u>consumer</u> notifies the <u>debt</u> collector in writing within the thirty-day period that the <u>debt</u>, or any portion thereof, is disputed, the <u>debt</u> collector will obtain verification of the <u>debt</u> or a copy of a judgment against the <u>consumer</u> and a copy of such verification or judgment will be mailed to the <u>consumer</u> by the <u>debt</u> collector. Furthermore, these letters are confusing and fails to clearly and effectively state the amount of the debt. [31]

55.    **Section 1692e provides:**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt; or**

---

30. Defendant(s), Apothaker Scian P.C. letter to Wells Fargo Bank for Plaintiff Jean Shim's financial records dated
31. **Exhibit V:** *Marshall-Mosby v. Corp. Receivables, Inc.205 F.3d 323 (7th Cir. 2000)* (Explaining that "confusion is a question of fact rather than a question of law, so plaintiffs are entitled to present empirical evidence that might show the dunning letter in question to be confusing in the eyes of the unsophisticated consumer," and that "a *FDCPA* complaint states a legal claim, and therefore a *FDCPA* complaint survives a motion to dismiss under Rule 12(b) simply by alleging that a dunning letter was confusing")

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

56.    **Section 1692g(a) provides:**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-**

**(1) the amount of the debt...**

57.    In addition to the form letters attached as **Exhibits S** and **T**, Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in misleading representation and stated to the Plaintiff (Jean Shim) that that the amount of the debt is $15,786.47. The letter does not stipulate, that there is any interest, fees, or charges have accrued since charge-off, and furthermore, the letter does not stipulate the total amount of the payments and/or credits applied to the debt since charge-off. Yet as shown in letter attached hereto as **Exhibit T**, to plaintiff on May 29, 2018, which states that the total amount of the debt due is $16,138.47. Defendant(s) (Apothaker Scian P.C. and Cavalry Portfolio Services, LLC ) used deceptive means to collect the debt in the amount of $ 352.00 more than what was charged-off by Citibank, N.A., by means of litigation,[7] without any signed contractual agreement between the Plaintiff (Jean Shim) and Citibank, N.A., creating the debt,[32] or either with the Defendant(s) Apothaker Scian P.C. or Cavalry Portfolio Services, LLC.

58.    Defendants' conduct violated 15 U.S.C. § 1692c(a) in that Defendant(s) (Cavalry

---

32. **Exhibit A3:** *Devito v. Zucker, Goldberg & Ackerman, LLC 908 F. Supp. 2d 564 (D.N.J. Nov 7, 2012)* (noting that claims involving 1692f which prohibits collection of amounts not authorized by law or agreement should be strictly construed).

Portfolio Services, LLC ) engaged therein communication by way of email, dated April 12, 2019 at 11:42AM, without the prior consent of the Plaintiff (Jean Shim) given directly to the debt collector (Cavalry Portfolio Services, LLC) or the express permission of a court of competent jurisdiction (Honorable, Judge Stecher or Honorable, Judge Esther Salas), a debt collector may not communicate with a Plaintiff in connection with the collection of the debt [33]

59.    Defendants' conduct violated 15 U.S.C. § 1692c(a) in that Defendant(s) (Apothaker Scian P.C. ) engaged therein communication engaged therein communication by way of email, dated April 12, 2019 at 11:42AM, without the prior consent of the Plaintiff (Jean Shim) given directly to the debt collector (Cavalry Portfolio Services, LLC) or the express permission of a court of competent jurisdiction (Honorable, Judge Stecher or Honorable, Judge Esther Salas), a debt collector may not communicate with a Plaintiff in connection with the collection of the debt [34]

60.    Defendants' conduct violated 15 U.S.C. § 1692d in that Defendant(s) (Apothaker Scian P.C. and Cavalry Portfolio Services, LLC) engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

61.    Defendants' conduct violated 15 U.S.C. § 1692d(1) in that Defendant(s) (Apothaker Scian P.C. and Cavalry Portfolio Services, LLC) used threat of use of legal procedings and other criminal means to harm the physical Plaintiff(s), reputation by way of legal means.[25,35]

62.    Defendants' conduct violated 15 U.S.C. § 1692j(a) in that Defendant(s) (Apothaker Scian P.C. and Cavalry Portfolio Services, LLC) design, compile, and furnished form to the Superior

---

33. 15 U.S.C. § 1692c(a): **Communication with the consumer generally**: Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

34. 15 U.S.C. § 1692c(a): **Communication with the consumer generally**: Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

35.   **15 U.S.C. §1692d(1):** The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

Court Of New Jersey, Law Division, Special Civil Part, Essex County, under Docket No.: L-004275-17 knowing that such form would be used to create the false belief in the Plaintiff (Jean Shim) that a person other than the creditor (Citibank, N.A.) of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, (Citibank, N.A.) when in fact such person is not so participating. ("flat-rating").[36, 37,] *Larson, 1999 WL 518901 at \*3; Sokolski v. Trans Union Corp., 53 F.Supp.2d 307, 312 (E.D.N.Y. 1999); See, e.g., Gionis v. Javitch, Block, Rathbone, LLP, 238 Fed.Appx. 24, 27-30 (6th Cir. 2007)[38]* (holding that threats and statements made in an affidavit attached to a complaint could violate the FDCPA). Furthermore, as stated within Defendant(s) ( Cavalry Portfolio Services, LLC) Certification Of Proof And Of Non-Miltary Services, paragraph 1:

> " I an employed by CAVALRY PROTFOLIO SERVICES, LLC. CAVALRY PROTFOLIO SERVICES, LLC performs collection services for the Plaintiff, Cavalry SPV I, LLC. I am familisr with and have access to the documents and records of Cavalry SPV I, LLC and CAVALRY PROTFOLIO SERVICES, LLC.

and paragraph 5:

> "Subsequent to, and as part of the account purchase transaction by Plaintiff, Citibank, N.A., **transferred copies** of its electronic business records to Plaintiff. These account records were loaded into the computer system of CAVALRY PROTFOLIO SERVICES, LLC, and are maintained in the same electronic format"

The facts that weigh in favor of finding that a creditor is a debt collector include:

---

36. **15 U.S.C. § 1692j.** Although the Eighth Circuit has not addressed liability for flat-rating, other courts have held that "[t]his provision of the FDCPA typically addresses the use by a creditor of a third party's letterhead in order to 'give the delinquency letters added intimidation value, as it suggests that a collection agency or some other party is now on the debtor's back.'" *Passa v. City of Columbus*, 748 F.Supp.2d 804, 813 (S.D. Ohio 2010) (alteration omitted) (quoting *Gutierrez v. AT& T Broadband, LLC*, 382 F.3d 725, 734-35 (7th Cir. 2004)) (internal quotation marks omitted); *see also* S. Rep. No. 95-382 at 5 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699.

37.**Exhibit A4:** *Sokolski, 53 F.Supp.2d at 313* (" Here, the activities of Trans Union never went beyond coordinating the mailing of letters and forwarding responses to Bank One. This arrangement allowed Bank One to be involved in the collection of its own debts while also appearing to use the services of a collection agency. Under these circumstances, Bank One is properly held liable as a debt collector under 15 U.S.C. § 1962(a)(6)."); *Roe v. Publishers Clearing House, Inc.*, 39 F.Supp.2d 1099, 1102-03 (N.D.Ill. 1999).

38. **Exhibit A11:** *Gionis v. Javitch, Block, Rathbone, LLP*, 238 Fed.Appx. 24, 27-30 (6th Cir. 2007) (holding that threats and statements made in an affidavit attached to a complaint could violate the FDCPA)

(1) the collection agency is a mere mailing service or performs only ministerial functions; (2) the letters state if the debtor does not pay, the debt " will be referred for collection"; (3) the collection agency is paid merely for sending letters rather than on the percentage of debts collected; (4) the collection agency does not receive any payments or forwards payments to [the] creditor; (5) if the debtor fails to respond to the letter(s), the collection agency has no further contact with the debtor or the creditor decides whether to pursue collection; **(6) the collection agency does not receive the files of the debtors;** (7) the collection agency never discussed with the creditor the collection process or what steps should be taken with certain debtors; (8) the collection agency cannot initiate phone calls to debtors; (9) any correspondence received by the collection agency is forwarded to the creditor; (10) the collection agency has no authority to negotiate collection of debts; (11) the letters do not state the collection agency's address or phone number; (12) the letter directs questions or payments to the creditor; and (13) the creditor has substantial control over the contents of the letters.

*Larson, 1999 WL 518901 at \*4 (collecting cases).*

This is how Plaintiff (Jean Shim) knows that Citibank, N.A. is not involved, or attempting to collect a debt from the Plaintiff, but the Defendant(s) (Apothaker Scian P.C. and Cavalry Portfolio Services, LLC) are. While 15 U.S.C. § 1692j is silent as to the creditor's liability under a flat rating arrangement - assigning liability only to the party furnishing the form - a creditor participating in the flat-rating arrangement can be liable under the provision of the FDCPA prohibiting a creditor from using a name to create the false impression that a third party is involved in the collection of the creditor's debt. *Sokolski*, 53 F.Supp.2d at 312 (emphasis in original) (citing 15 U.S.C. § 1692a(6)).

Defendant(s) (CPS) have therefore admitted within their Certification Of Proof And Of Non-Miltary Services, paragraphs  5 filed with the Superior Court Of New Jersey, Law Division, Special Civil Part, Essex County, under Docket No.: L-004275-17, that Citibank, N.A. electronic business records were transferred and loaded into the computer system of CAVALRY PORTFOLIO SERVICES, LLC, and are maintained in the same electronic format. This statement also shows that Citibank, N.A. has given the records to the Defendant(s) Cavalry Portfolio Services, LLC and not to the Plaintiff, CAVALRY SPV I, LLC. ***Hartley v. Suburban Radiologic Consultants, Ltd. 295 F.R.D. 357, 368 (D. Minn. 2013).***

 Defendant(s) (CPS) have also therefore admitted within their Certification Of Proof And Of

Non-Miltary Services, paragraphs 1 filed with the Superior Court Of New Jersey, Law Division, Special Civil Part, Essex County, under Docket No.: L-004275-17, that their employee, Dawn Ryder has access to the doctuments and records of Cavalry SPV I, LLC and CAVALRY PROTFOLIO SERVICES, LLC, and not the records or doctumentation of Citibank, N.A. *See e.g. Claypotch v. Heller 360 N.J. Super. 472, 488 (N.J. Super. 2003)* (A certification will support the grant of summary judgment only if the material facts alleged therein are based, as required by Rule 1:6-6, on "personal knowledge."); *See* Pressler, *Current N.J. Court Rules,* comment on *R.* 1:6-6 (1994); *see generally McCormick on Evidence* § 10 (Strong ed., 4th ed. 1992); *Sellers v. Schonfeld 270 N.J. Super. 424, 428 (N.J. Super. 1993)* (section 429) (One who has no knowledge of a fact except for what he has read or for what another has told him cannot provide evidence to support a favorable disposition of a summary judgment.The absence of competent, admissible evidence precluded resolution of the summary judgments. *See* Pressler, *Current N.J. Court Rules,* comment on *R.* 1:6-6 (1994), and the cases cited therein.)

Therefore, defamatory statements by Defendant(s) CPS's employee, Dawn Ryder and Apothaker Scian P.C. within these certifcations are outside the scope of their employment. Defendant(s) (CPS and Apothaker Scian P.C.) have failed to demonstrate that the records (1) provided by Citibank, N.A. are in fact reliable and accurate; (2) how is employee, Dawn Ryder from CAVALRY PROTFOLIO SERVICES, LLC was/is qualified to testify on records that his company did not prepare.[39], [40], [41]

See, e.g., *Asset Acceptance v. Lodge, 325 S.W.3d 525, 529 (Mo. App. 2010)* (HSBC records transferred to Asset Acceptance were not admissible under the business records exception because

---

39. **Exhibit A12:** *Asset Acceptance v. Lodge, 325 S.W.3d 525, 529 (Mo. App. 2010)* (HSBC records transferred to Asset Acceptance were not admissible under the business records exception because Asset employee was not qualified to testify about the records her company did not prepare)
40. **Exhibit A13:** *Palisades Collection LLC v. Kalal, 781 N.W.2d 503, 510 (Wis. App. 2010)* (records inadmissible where collection agency employee's affidavit contained no facts showing that the employee was knowledgeable about how Chase's records were prepared or whether they were prepared in the ordinary course of Chase's business);
41. *Martinez v. Midland Credit Mgmt., Inc., 250 S.W.3d 481, 485 (Tex. App. 2008)* (account statement not admissible under business records exception, and summary judgment against debtor reversed, because affiant did not identify predecessor in interest or indicate in any way that the affiant had knowledge of the predecessor's recordkeeping policies).

Asset employee was not qualified to testify about the records her company did not prepare); *Palisades Collection LLC v. Kalal*, 781 N.W.2d 503, 510 (Wis. App. 2010) (records inadmissible where collection agency employee's affidavit contained no facts showing that the employee was knowledgeable about how Chase's records were prepared or whether they were prepared in the ordinary course of Chase's business); *Martinez v. Midland Credit Mgmt., Inc.,* 250 S.W.3d 481, 485 (Tex. App. 2008) (account statement not admissible under business records exception, and summary judgment against debtor reversed, because affiant did not identify predecessor in interest or indicate in any way that the affiant had knowledge of the predecessor's recordkeeping policies).

In that Defendant(s) Apothaker Scian P.C. and Cavalry Portfolio Services, LLC used and created a flat-rating scheme to create the impression that a third party was involved in the collection of the debt. *See* 15 U.S.C. § 1692e(14) (prohibiting a debt collector from using " any false, deceptive, or misleading representation or means in connection with the collection of any debt," including " [t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization" ); *see also Catencamp*, 471 F.3d at 781-82.

63.     Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendant(s) (Apothaker Scian P.C. and Cavalry Portfolio Services, LLC) used the organization name, Cavalry SPV I, LLC, other than the Defendant(s) (Apothaker Scian P.C. and Cavalry Portfolio Services, LLC) true names of the debt collector's business, company, and organization to collect upon the debt by way of litigation means.[11,12,25] *see also* **Catencamp, 471 F.3d at 781-82.**

64.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendant(s) (Apothaker Scian P.C. and Cavalry Portfolio Services, LLC) used unfair and unconscionable means to collect a debt.

65.     Defendant(s) (Cavalry Portfolio Services, LLC) knew that they did not have the signed contractual agreement between the Plaintiff (Jean Shim) and Citibank, N.A., regarding account number

ending in XXXXXXXXXXXX0366 but still proceded to attempt to collect upon the debt by way of legal means[25] through Defendant(s) Apothaker Scian P.C.[42]  15 U.S.C. § 1692f(1).

66.    Additionally,  Defendant(s) Apothaker Scian P.C. knew that they did not have the signed contractual agreement between the Plaintiff (Jean Shim) and Citibank, N.A., regarding account number ending in XXXXXXXXXXXX0366 but still proceded to attempt to collect upon the debt by way of legal means.[25, 32] on behalf  of Defendant(s) Cavalry Portfolio Services, LLC. 15 U.S.C. § 1692f(1).

67.    New Jersey's litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Hawkins v. Harris*, 141 N.J. 207, 661 A.2d 284, 289 (1995) (internal quotations and citations omitted). Apothaker Scian P.C. letters here undoubtedly fall within this definition. **Nonetheless, the FDCPA does not contain an exemption from liability for common law privileges.** "[C]ommon law immunities cannot trump the [FDCPA]'s clear application to the litigating activities of attorneys," *Sayyed*, 485 F.3d at 231, and, like the Fourth Circuit, the Third Circuit did not "disregard the statutory text in order to imply some sort of common law privilege," *id.* at 229; *see also Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 615-17 (6th Cir. 2009). The application of the New Jersey litigation privilege does not absolve a debt collector from liability under the FDCPA. *Allen v. Lasalle Bank 629 F.3d 364, 369 (3d Cir. 2011) (section 369).*

68.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

---

42.  **15 U.S.C. §1692f(1):** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

69.    Plaintiff is entitled to damages as a result of Defendants' violations. [43,44]

# COUNT II

## VIOLATIONS OF THE NEW JERSEY PROFESSIONAL SERVICES CORPORATION ACT ("PSCA"), N.J.S.A 14A: 17-1et seq.

70.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as thought fully stated herein.

71.    As per the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-1et seq., **Legislative intent**: It is the legislative intent to provide for the incorporation of an individual or group of individuals to render the same professional service to the public for which such individuals are required by law to be licensed or to obtain other legal authorization.

N.J.S. § 14A:17-1[45]

72.    Defendants' conduct violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-1et seq., in that Defendant(s) Cavalry Portfolio Services, LLC is required to be licensed under N.J.S.A. 45:18-1, before advise for or solicit in print the right to collect or receive payment for another of any account, bill or other indebtedness unless such person, or the person for whom he may be acting as agent has on file with the Secretary of State sufficient bond as hereinafter specified. [11,12,16, 17,18, 23, 24]

---

43. **Exhibit A1:** *Miller v. Wolpoff Abramson, L.L.P. 321 F.3d 292 (2d Cir. 2003)* (Holding that a *FDCPA* plaintiff need not show "actual damages," but that a showing that the defendant "attempted to collect money in violation of the *FDCPA*" suffices).

44. **Exhibit A2:** *Akar v. Fed. Nat'l Mortg. Ass'n843 F. Supp. 2d 154 (D. Mass. 2012)* (finding that "the FDCPA does not contain an exemption from liability for common law privileges" and that a state law "litigation privilege does not absolve a debt collector from liability under the FDCPA").

45. **Exhibit A6:** New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-1et seq., **Legislative intent** Print-out

73.    Plaintiff (Jean Shim) therefore, states to the District courts, that the "**Relate Back Doctrine**" now applies to the violations of the Defendant(s), in that Defendant(s) (Cavalry Portfolio Services, LLC) knew that before they officially communicated with the Plaintiff (Jean Shim) by way of email, dated April 12, 2019 at 11:42AM, stating that the Defendant(s), (Cavalry Portfolio Services, LLC) would like to discuss an amicable resolution." This is due to the fact that in every letter Cavalry Portfolio Services, LLC sent to the Plaintiff, (Jean Shim) in the past years, solicited in print the right to collect or receive payment for another of any account, bill or other indebtedness as a debt-collector. [23,24] Now Defendant(s) would like to cover-up the fact that (1) Defendant(s) are not licensed to do debt-collection within the state of New Jersey[16], and (2) Defendant(s) (Cavalry Portfolio Services, LLC) violation of the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-1et seq.

Pursuant to Rule 4:9-3, a party may amend his/her pleading and it will relate back to the date of the original pleading "whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." If an amendment changes the party against whom the claim is made, it relates back if it is asserted within the time provided by law to commence the action against such party and the party has received notice of the institution of the action and will not be prejudiced in maintaining a defense on the merits.[20], **[46]**

---

46. **Exhibit A2:** *Davis v. Township of Paulsboro Civil No. 02-3659 (JEI), at \*4 (D.N.J. May. 24, 2005)* (section 4 through 5) (The Federal Rules of Civil Procedure generally encourage and provide for a liberal policy for amending pleadings. Under Fed.R.Civ.P. 15(a), leave to amend pleadings "shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be `freely given.'

Foman, 371 U.S. at 182; see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

A "trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is `the touchstone for the denial of leave to amend.' . . . In the absence of substantial or

74.    Defendant(s) (Cavalry Portfolio Services, LLC) knew of these fact, and violations, but additionally still filed an debt-collection lawsuit in the Superior Court Of New Jersey, Law Division, Special Civil Part, Essex County by way of  Defendant(s) (Apothaker Scian P.C.) under Docket No.: L-004275-17 and used the court as a means of debt-collection, without being licensed to do debt-collections in the state of New Jersey.  Thus  engaged in criminal conduct  found in [47] N.J.S.A. 2C:21-19 . See sections (e) and (f).

75.    Defendants' conduct violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-1et seq.,   in that Defendant(s) Apothaker Scian P.C. is required to be licensed under N.J.S.A. 45:18-1, before advise for or solicit in print the right to collect or receive payment for another of any account, bill or other indebtedness unless such person, or the person for whom he may be acting as agent has on file with the Secretary of State sufficient bond as hereinafter specified. [3,4,5,6,7, ,27, 28, 30]

76.    Defendant(s) (Apothaker Scian P.C.) know that they were not licensed under N.J.S.A. 45:18-1, before they solicited in print the right to collect or receive payment for another of any account, bill or other indebtedness, and that the  Defendant(s) Cavalry Portfolio Services, LLC was not  licensed under  N.J.S.A. 45:18-1 either, when Defendant(s) (Apothaker Scian P.C.) acted as an agent for Defendant(s) (Cavalry Portfolio Services, LLC), Defendant(s) (Apothaker Scian P.C.) engaged in criminal conduct  found in [48] N.J.S.A. 2C:21-19, see sections (e) and (f).  Defendant(s) (Apothaker Scian P.C.) knew that they was not licensed with the state to do any type of debt-collections and that

---

undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl Patterson International, Inc. v. F.D. Rich Housing of the Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981), cert. denied 455 U.S. 1018 (1982) (citing Cornell Co., Inc. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)); see also Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).

47. **Exhibit A8**: N.J.S.A. 2C:21-19 - Wrongful Credit Practices and Related Offenses  print-out
48. **Exhibit A8**: N.J.S.A. 2C:21-19 - Wrongful Credit Practices and Related Offenses  print-out

the real party in intrest was Defendant(s) (CPS) who Defendant(s) (Apothaker Scian P.C.) filed the debt-collection lawsuit on behalf as acting agent, and not CAVALRY SPV I, LLC as claimed within the debt-collection lawsuit.

78.    Nevertheless, Defendant(s) (Apothaker Scian P.C.) still used the Superior Court Of New Jersey, Law Division, Special Civil Part, Essex County, in a vast attempt to collect the debt on behalf of the Defendant(s) (CPS), under the alias of Cavalry SPV I, LLC. Again, Plaintiff (Jean Shim) refers  to the statement made by the Defendant(s) (C P S) in the Certification Of Proof And Of Non- Military Service signed by Dawn Ryder, and employee of  Cavalry Portfolio Services, LLC, paragraph no. 5. See No. 62 of Plantiff(s) complaint for statement.[11]  "The Citibank, N.A. records were loaded into the computers of the Defendant(s) (CPS) and not Cavalry SPV I, LLC."

79.    Defendant(s) (Apothaker Scian P.C.) knew of these fact, and violations, but additionally still filed an debt-collection lawsuit in the Superior Court Of New Jersey, Law Division, Special Civil Part, Essex County on behalf of the Defendant(s) (CPS) under Docket No.: L-004275-17 and used the court as a means of debt-collection, without being licensed to do debt-collections in the state of New Jersey.  Thus  engaged in criminal conduct  found in [49] N.J.S.A. 2C:21-19 . See sections (e) and (f).

80.    New Jersey, further, regulates the activities of collection agencies by way of criminal sanctions for unconscionable conduct in connection with debt collection activities, which sanctions are found in N.J.S.A. 2C:21-19. That provision prohibits, *inter alia*, usurious rates of interest and other unlawful collection practices such as "mak[ing] a false or inaccurate or incomplete statement of any . . . credit terms." N.J.S.A. 2C:21-19e and  N.J.S.A. 2C:21-19f, that provision prohibits, any person who shall act or offer to act as a debt adjuster without a license as required by P.L. 1979, c.16 (C. 17:16G-1 et seq.), unless exempt from licensure pursuant to that act, shall be guilty of a crime

---

49. **Exhibit A8**: N.J.S.A. 2C:21-19 - Wrongful Credit Practices and Related Offenses  print-out

of the fourth degree.

81.     As per the New Jersey Debt Adjustment and Credit Counseling Act, N.J.S.A. 17:16G-1 et. seq. A **debt adjuster license** is required to engage in the business of either: (a) acting or offering to act for consideration as an intermediary between a debtor and his creditors for the purposes of settling, compounding, or otherwise altering the terms of payment of debts of the debtor, or (b) to that end, receiving money or other property from the debtor, or on behalf of the debtor, for payment to, or distribution among, the creditors of the debtor.

The governing statute is the New Jersey Debt Adjustment and Credit Counseling Act, N.J.S.A. 17:16G-1 et. seq.

82.     Defendants' conduct violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-1et seq.,  in that Defendant(s) (CPS) were required to be licensed under the New Jersey Debt Adjustment and Credit Counseling Act, N.J.S.A. 17:16G-1 et. seq. before engaging therein the business of either: (a) acting or offering to act for consideration as an intermediary between a debtor and his / her creditors for the purposes of settling, compounding, or otherwise altering the terms of payment of debts of the debtor, which means between the Plaintiff (Jean Shim) and Citibank, N.A. or (b) to that end, receiving money or other property from the Plaintiff, or on behalf of the Plaintiff, for payment to, or distribution among, the creditors (Citibank, N.A.) of the Plaintiff (Jean Shim) by way of litgation means. [23,24, 25, 28]

83.     Defendants' conduct violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-1et seq.,  in that Defendant(s) (Apothaker Scian P.C.) were required to be licensed under the New Jersey Debt Adjustment and Credit Counseling Act, N.J.S.A. 17:16G-1 et. seq. before engaging therein the business of either: (a) acting or offering to act for consideration as an intermediary between a debtor and his / her creditors for the purposes of settling, compounding, or

otherwise altering the terms of payment of debts of the debtor, which means between the Plaintiff (Jean Shim) and Citibank, N.A. or (b) to that end, receiving money or other property from the Plaintiff, or on behalf of the Plaintiff, for payment to, or distribution among, the creditors (Citibank, N.A.) of the Plaintiff (Jean Shim) by way of litgation means. [4,5,6,7,11,12, 25]

# COUNT III

## VIOLATIONS OF THE NEW JERSEY PROFESSIONAL SERVICES CORPORATION ACT ("PSCA"), N.J.S.A 14A: 17-9 et seq.

84.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein

85.    As per the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 et seq., **Limitations on corporate business activity:** No professional corporation shall engage in any business other than the rendering of the professional services for which it was specifically incorporated; and no foreign professional legal corporation shall engage in any business in this State other than the rendering of legal services of the type provided by attorneys-at-law; provided, that nothing in this act or in any other provisions of existing law applicable to corporations shall be interpreted to prohibit such corporation from investing its funds in real estate, mortgages, stocks, bonds or any other type of investments, or from owning real or personal property necessary for, or appropriate or desirable in, the fulfillment or rendering of its professional services.

N.J.S. § 14A:17-9[50]
L.1969, c.232, s.9; amended 1995, c.375, s.5.

86.    Defendants' conduct violated the New Jersey's Professional Services Corporation Act

---

50. **Exhibit A7:** New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 et seq. **Limitations on corporate business activity** Print-Out.

("PSCA"), N.J.S.A. 14A:17-9 <u>et seq.</u>, in that Defendant(s) (CPS) "by engaging in a business outside of [the practice] it was organized to engage in or allowed by law to engage in" unlicensed and unlawfull debt-collection towards the Plaintiff (Jean Shim), who is in fact a New Jersey resident, without the necessary license under N.J.S. § 45:18-1.

87.    The  New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 <u>et seq.</u> states, " No professional corporation shall engage in any business other than the rendering of the professional services for which it was specifically incorporated. Defendants' conduct violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 <u>et seq.</u>, in that Defendant(s) (CPS)  "by engaging in a business outside of [the practice] it was organized to engage in or allowed by law to engage in" emailed the Plaintiff (Jean Shim) on  April 12, 2019 at 11:42AM[20] stating the Defendant(s) (CPS) has in-house legal counsel, when in fact Defendant(s) do not employee any legal counsel, nor attorneys-at-law. [51]

88.    Defendants' conduct violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 <u>et seq.</u>, in that  Defendant(s) (CPS) have engaging in a business outside of [the practice] it was organized to engage in or allowed by law to engage in" by  advise for or solicit in print the right to collect or receive payment for another of any account, bill or other indebtedness, without being licensed in the state of New Jersey to debt-collection. [11,12,16, 17,18, 23, 24]

89.    Defendants' conduct violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 <u>et seq.</u>, in that Defendant(s) (CPS) this statute "by engaging in a business outside of [the practice] it was organized to engage in or allowed by law to engage in" of a debt adjuster, when Defendant(s) (CPS) altering the terms of payment of debt of the Plaintiff (Jean Shim), and attempted to receiving money from the Plaintiff (Jean Shim) on behalf of the Plaintiff, for payment

---

51. **Exhibit A9:** Case No. 19-cv-63 (PKC) (CLP) : DANIEL NAVON (Plaintiff ) vs. SCHACHTER PORTNOY, L.L.C.; and CAVALRY PORTFOLIO : SERVICES, LLC. (Defendant's)

to distribution among, the creditor (Citibank) of the Plaintiff (Jean Shim) by way of litigation means and are not licensed as a debt adjuster in New Jersey. [52]

90.    Defendants' conduct violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 et seq., in that Defendant(s) (Apothaker Scian P.C.) this statute "by engaging in a business outside of [the practice] it was organized to engage in or allowed by law to engage in " of  unlicensed and unlawfull debt-collection  towards the Plaintiff (Jean Shim), who is in fact a New Jersey resident, without the necessary license under N.J.S. § 45:18-1. See e.g. *Chulsky v. Hudson Law Offices, P.C. 777 F. Supp. 2d 823 (D.N.J. 2011)* (Section 8 through 10 )

As noted, while Hudson Law's purchase of the debt does not facially violate the PSCA, its alleged operation of a separate debt collection business under the auspices of its professional practice does. In this sense, Plaintiff is correct that a professional corporation's attempt to collect on a debt that is in violation of the statute would not likely be enforced by New Jersey courts. Indeed, New Jersey courts will invalidate, as void against public policy,

> [a]n agreement [that] is . . . injurious to the interest of the public, contravenes some established interest of society, *violates some public statute*, is against good morals, tends to interfere with the public welfare or safety, or . . . is at war with the interests of society and is in conflict with public morals.

Marcinczyk v. State of New Jersey Police Training, 203 N.J. 586, 594 (2010) (quoting Frank Briscoe Co. v. Travelers Indem. Co., 65 F.Supp.2d 285, 312 (D.N.J. 1999)). Simply put, "contractual provisions that tend to injure the public in some way will not be enforced." Id. (quoting Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 403-04 (1960)) (citation omitted). While not all violations of a statute are *ipso facto* void for public policy, see Williston at § 12:4; Exit A Plus Realty v. Zuniga, 395 N.J.Super. 655, 664 (App. Div. 2007) (refusing to invalidate a contract, reasoning "if the Legislature had wanted to invalidate agreements entered in contravention of N.J.S.A. 45:15-17, it could have done so explicitly. . . ."), "[l]egislation intended to secure general objectives of public policy or morals cannot be

---

52.    **Exhibit A15:** Department of Banking & Insurance (Print-Out ) Licensee Search for CAVALRY PORTFOLIO SERVICES, LLC as a debt adjuster. (No Records Returned).Dated 03/30/2020, 9:47PM (https://wwwdobi.state.nj.us/DOBI_LicSearch/bnkLicenseeSearchServlet)

circumvented by private agreements." <u>General Motors Acceptance Corp. v. Cahill</u>, <u>375 N.J.Super. 553, 566</u> (App. Div. 2005). Thus, where the public policy violated by the contract "is to secure general objects of policy or morals," as opposed to a statutory provision designed for the benefit of individuals, courts are more likely to hold the offending contract void. <u>Id.</u>

For example, in <u>Sedaghat v. Jabbary</u>, Docket No. L-7303-01, 2005 WL 3242263 (N.J. App. Div. Dec. 2, 2005), the New Jersey Appellate Division held a professional corporation contract void as against public policy. In that case, the plaintiff, a Florida businessman, filed suit against two New Jersey-licensed dentists that had borrowed money from him to purchase their dental practice. In connection with that loan, the defendant-dentists created a trust designating the dental practice as the trustee holding the assets of the practice, and listed themselves and the plaintiff as beneficiaries. The trust, further, provided that after five (5) years, or upon written demand of all beneficiaries, the assets and accrued income of the trust estate was to be paid over to the beneficiaries. The Appellate Division held that the trust violated <u>N.J.S.A. 14A:17-10(a)</u>, a provision of the PSCA that prohibits professional corporations from issuing shares to non-licensed persons, as well as <u>N.J.A.C. 13:30-8.13</u>, a regulation that prohibits dentists from sharing fees with non-dentists. <u>Id.</u> at *4. Citing the maxim that "[a]n agreement or contract that is contrary to public policy is void and unenforceable as a matter of law," the court ruled thereafter that "the trial court properly granted summary judgment dismissing all of plaintiff's claims arising out of the declaration of trust." <u>Id.</u>

91.    The  New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 <u>et seq.</u> states, " No professional corporation shall engage in any business other than the rendering of the professional services for which it was specifically incorporated. Defendants' conduct violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 <u>et seq.</u>, in that Defendant(s) (Apothaker Scian P.C.) sent letters to  the Plaintiff (Jean Shim) dated

**April 26, 2017 stating:**

" Please be advised that this firm has been retained by CAVALRY SPV I, LLC, AS ASSIGNEE OF CITIBANK, N.A. to obtain payment of the debt listed above."

"Unless you dispute the validity of the referenced debt or any portion thereof within 30 days after your receipt of this lette, this office will assume the debt to be valid."

"This communication is from a debt collector. This is an attempt to collect a debt and any information

obtained will be used for that purpose."

### April 06, 2018 stating:

"Pursant to New Jersey Rule of Court 6:6-3(e), see attached."

"This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

### April 04, 2019 stating:

"This letter is in response to Defendant's objection to bank levy." Plaintiff has no oppsition to Defendant's request for the statutory $1,000.00 exemption." "As such, Plaintiff counsel will not be appesring at the scheduled objection hearing." "If any futher is needed please call me at 800-672-0215 x 177"

" Plaintiff respectfully wavives its appearance at the hearing scheduled for this matter."

"cc: Jeam M. Shim"

"This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

### May 31, 2019 stating:

"Enclosed please find Plaintiff's Response which will be electronically submitted to the court for filing."

"This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

92.     Each one of the Defendant(s) (Apothaker Scian P.C.) letters cited above, solicit in print

the right to collect or receive payment for another of any account, bill or other indebtedness, by saying

**"This communication is from a debt collector. This is an attempt to collect a debt and any**

**information obtained will be used for that purpose."** in that Defendant(s) (Apothaker Scian P.C.)

has violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 <u>et</u>

<u>seq.</u> because the New Jersey State Colletion Agency Bond Statue Letter dated August 2, 2018, sent to

the Plaintiff, Jean Shim, shows on page no.2, that Cavalry Portfolio Services or Apothaker Scian P.C. are not licensed to do any type of debt-collection within the state of New Jersey.[16]

93.    Defendants' conduct violated the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 <u>et seq.</u>, in that Defendant(s) (Apothaker Scian P.C.) engaged in behavior, that of a debt adjuster, when Defendant(s) (Apothaker Scian P.C.) altering the terms of payment of debt of the Plaintiff (Jean Shim), and attempted to receiving money from the Plaintiff (Jean Shim) on behalf of the Plaintiff, for payment to distribution among, the creditor (Citibank) of the Plaintiff (Jean Shim) by way of litigation means and are not licensed as a debt adjuster in New Jersey[53]

94.    The foregoing acts and omissions of the Defendant(s) (CPS and Apothaker Scian P.C.) constitute numerous and multiple violations of the New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17- 1 <u>et seq.</u>, and New Jersey's Professional Services Corporation Act ("PSCA"), N.J.S.A. 14A:17-9 <u>et seq.</u>  including every one of the above-cited provisions.

## CLASS ALLEGATIONS

95.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b) (3).

96.    The class consists of (a) all individuals (b) with New Jersey

addresses, (c) to whom Defendant(s) Apothaker Scian P.C. sent a letter in the form represented by Exhibits D, F and G (d) on behalf of defendant CPS (e) which letter was sent any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

97.    On information and belief, based on defendants' size and the use of a form letter, the

---

53. **Exhibit A16:** Department of Banking & Insurance (Print-Out ) Licensee Search for Apothaker Scian P.C. as a debt adjuster. (No Records Returned).Dated 03/30/2020, 9:45 PM (https://www-dobi.state.nj.us/DOBI_LicSearch/bnkLicenseeSearchServlet)

class members are so numerous that joinder of all members is not practicable.

98.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether Exhibits D, F and G violate the FDCPA.

99.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal evidences attached hereto.

100.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has not retained counsel experienced in class actions and FDCPA litigation, but an qualified expert in  FDCPA litigation and other court litigation matters.

101.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a. Individual actions are not economically feasible.

        b. Members of the class are likely to be unaware of their rights;

        c. Congress intended class actions to be the principal enforcement mechanism under

        the FDCPA

102.     Pursuant to N.J.R.E. 201. JUDICIAL NOTICE OF LAW AND ADJUDICATIVE FACTS, sections (a), (b) (1 through 4), (c), (d), (e), (f) and (g) the Plaintiff, Jean Shim respectfully request that the District Court Of New Jersey take judical notice of the case stated within this complaint and the ones that are presented as Exhibits.

103.     Furthermore, Plaintiff, Jean Shim respectfully request that the District Court Of New Jersey take judical notice of the attached copies of the Defendant(s) websites showing that the

Defendant(s) (Cavalry Portfolio Services  and Apothaker Scian P.C.)  engaged in behavior the natural consequence of which is criminal sanctions in New Jersey for unconscionable conduct in connection with debt collection activities, which sanctions are found in N.J.S.A. 2C:21-19.[3, 13, 54, 55]

See e.g. *Liberty Mut. Ins. Co. v. Consol. Elec. & Tech. Assocs. Corp., 2007 WL 118938 (E.D. Mich. Jan. 10, 2007)*[56] (Judicial notice of that type of information is premised on the presumptive truthfulness of published information whose accuracy is subject to criminal and civil sanctions. When it is offered or used against the party publishing the information on its website, the presumption is enhanced by the same circumstantial guarantees of accuracy that give rise to the hearsay exception for party admissions. The courts have also taken judicial notice of the content on a corporation's website based on the corporation's strong motivation to ensure the accuracy of that information. Judicial notice has been premised on the presumptive truthfulness of information that is vital to a commercial establishment's survival.)

104.    Debt collectors are generally forbidden "from engaging in unfair, deceptive, or harassing behavior," *id*., and are strictly liable for such behavior, "meaning that a consumer need not show intentional conduct by [a] debt collector to be entitled to damages," *Easterling v. Collecto, Inc*., 692 F.3d 229, 234 (2d Cir. 2012) (internal quotation marks omitted). A debt collector may be held liable for even a single, isolated violation of the FDCPA. *See Ellis v. Solomon & Solomon*, *P.C.*, 591 F.3d 130, 133 (2d Cir. 2010).  *Johnson-Gellineau v. Steine & Assocs., P.C. No. 16-CV-9945 (KMK), at *23 (S.D.N.Y. Mar 29, 2018).*

105.    There are questions of law and fact common to the Defendant(s)(Apothaker Scian P.C.

---

54. **Exhibit A17:**  Cavalry Portfolio Services, LLC [*https://www.cavalryportfolioservices.com/Privacy Notice*] Web page
55. **Exhibit A18:**  Cavalry Portfolio Services, LLC [*https://www.cavalryportfolioservices.com/Legal*] Web page
56. **Exhibit A19:** Liberty Mut. Ins. Co. v. Consol. Elec. & Tech. Assocs. Corp., 2007 WL 118938 (E.D. Mich. Jan. 10, 2007) (Judicial notice of that type of information is premised on the presumptive truthfulness of published information whose accuracy is subject to criminal and civil sanctions. When it is offered or used against the party publishing the information on its website, the presumption is enhanced by the same circumstantial guarantees of accuracy that give rise to the hearsay exception for party admissions. The courts have also taken judicial notice of the content on a corporation's website based on the corporation's strong motivation to ensure the accuracy of that information. Judicial notice has been premised on the presumptive truthfulness of information that is vital to a commercial establishment's survival.)

and Cavalry Portfolio Services, LLC)  violations, which common questions predominate over any questions relating to individual class members.   The predominant common question is whether Defendant(s)(Apothaker Scian P.C. and Cavalry Portfolio Services, LLC)  actions when attempting to collect upon a debt  owned by Citibank, N.A. violate the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant(s).

106.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

107.    Costs of litigation and reasonable attorney fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

108.    Liquidated damages;

109.    Punitive damages;

110.    injunctive relief; and

112.    Such other and further relief that the Court may deem just and proper.

## <u>TRIAL BY JURY DEMANDED ON ALL COUNTS</u>

Dated: March _____, 2020

Respectfully submitted,

By: _____

Jean Shim
33 Ross Street
East Orange, New Jersey 07018
Telephone:  (862) 438 -4766

34